IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICTORIA SETHUNYA and CLETUS SETHUNYA,<br><br>        Plaintiffs,<br><br><br>        vs.<br><br><br>BONAIR MANAGEMENT, LLC; SHALISE VIGIL; and JOHN DOES;<br><br>        Defendants. | Case No. 2:09-CV-249-CW<br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion to Dismiss brought by Defendants Bonair Management, LLC and Shalise Vigil pursuant to Rule 12(b)(1).  (Docket Entry #6.)  Having carefully considered the arguments made by the parties, the court recommends this case be dismissed for lack of subject matter jursidiction.

**BACKGROUND**

Plaintiffs filed their Complaint on March 19, 2009, and the case was assigned to United States District Judge Clark Waddoups. (Docket Entry #1.)  Judge Waddoups then referred this case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C.

§ 636(b)(1)(B).  (Docket Entry #2.)  Plaintiffs then filed an
Amended Complaint on March 25, 2009.  (Docket Entry #4.)

Defendants filed their Motion to Dismiss on April 13, 2009.
(Docket Entry #6.)  On July 6, 2009, the court held a hearing at
which the parties were allowed to present oral argument on
Defendants' motion.  (Docket Entry #27.)

**ANALYSIS**

Plaintiffs are proceeding *pro se* and, as a result, the court
construes their pleadings liberally and holds their pleadings to
less stringent standards than formal pleadings drafted by
lawyers.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir.
2002) (citation omitted).  However, a broad reading of a *pro se*
litigant's complaint does not relieve him of alleging sufficient
facts upon which a recognized legal claim can be based.  *See
Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting
*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  In
addition, the court will not act as a *pro se* litigant's attorney
and will not construct legal theories and arguments for that
litigant.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74
(10th Cir. 1997).  Furthermore, this liberal treatment does not
dismiss the requirement that *pro se* litigants "follow the same
rules of procedure that govern other litigants."  *Garrett v.*

*Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)
(citation omitted).

Plaintiffs make many claims in their complaint; however, the
only federal claim Plaintiffs allege is a civil rights claim
under 42 U.S.C. § 1983.  Nevertheless, Plaintiffs do not allege
facts supporting that they were denied their rights by a state
actor, a necessary element of a Section 1983 claim.  Therefore,
Plaintiffs' Section 1983 claim fails.

Plaintiffs allege numerous facts in their Amended Complaint
supporting a claim that they were discriminated against because
of their race, their age, and their national origin.  At oral
argument, Plaintiffs mentioned, once, in passing, the Fair
Housing Act, *see* 42 U.S.C. § 3601 et seq.; however, Plaintiffs
did not develop a claim based on the Fair Housing Act or appear
to properly construct a claim under this theory.  As stated
above, the court may not act as a litigant's attorney and may not
construct a legal claim or theory for a litigant.  As a result,
the court declines to analyze whether Plaintiffs have alleged
facts that sufficiently support a claim under the Fair Housing
Act.

At the hearing on Defendants' Motion to Dismiss, Plaintiffs
also expressed that they were interested in obtaining the
services of an attorney, but admitted that they had not properly

pursued this idea.  After the court explained to the Plaintiffs that it did not have subject matter jurisdiction over the case as it had been presented, the court told Plaintiffs that if they found an attorney who was willing to take their case, and if they determined there were federal claims they wished to amend to their complaint which would provide the court with subject matter jurisdiction, that Plaintiffs would need to contact Judge Waddoups regarding those important changes in the case.

Dismissing a *pro se* plaintiff's complaint is only appropriate if "it is '"patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile.'" *Whitney v. New Mexico*, 113 F.3d 1170. 1173 (10th Cir. 1997) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). Other than their failed Section 1983 claim (due to the absence of a state actor), Plaintiffs have not properly stated a federal claim in their complaint, and they have not properly sought to add a federal claim to their complaint.  As a result, their complaint should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiffs' Motion to Dismiss (Docket Entry #6) be **GRANTED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  *See* 28 U.S.C. § 636(b)(1).  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 5th day of August, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge